*209 Pfeifer, J.,
dissenting.
{¶ 27} As for the question of whether the appellant Pro-Pak Industries, Inc., deliberately removed the guard, I would affirm the judgment of the court of appeals that when viewing the evidence in the light most favorable to the appellee, Phillip Pixley, as is appropriate at the summary-judgment stage, a genuine issue of material fact exists as to whether Pro-Pak deliberately bypassed the safety bumper.
{¶ 28} But this court did not accept jurisdiction over this case to answer the question of whether Pixley’s claim could factually overcome summary judgment. That issue does not make this matter a “case[ ] of public or great general interest” meriting this court’s jurisdiction pursuant to its authority under Article TV, Section 2(B)(2)(e) of the Ohio Constitution.
{¶ 29} What makes this case a Supreme Court case is the issue of whether R.C. 2745.01(C) applies to nonoperators who are injured because of an employer’s removal of a safety guard. We should answer that question, and I would affirm the judgment of the appellate court.
{¶ 30} The statute at issue in this case, R.C. 2745.01(C), reads:
Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.
{¶ 31} The plain language of the statute demonstrates that the protections for workers contained in R.C. 2745.01(C) are in no way limited to the operator of a piece of machinery. Under the statute, there is a rebuttable presumption that the removal of a safety guard was committed with an intent to injure if “an injury * * * occurs as a direct result.” (Emphasis added.) The statute does not differentiate between injuries to machinery operators and nonoperators; there is no limitation regarding to whom the injury must occur, other than the condition set forth in R.C. 2745.01(A) that the statute applies “[i]n an action brought against an employer by an employee * * * for damages resulting from an intentional tort committed by the employer during the course of employment.” Thus, R.C. 2745.01(C) applies to any employee who suffers an injury because of the employer’s deliberate removal of a safety guard.
{¶ 32} I would therefore affirm the entirety of the appellate court’s judgment, and I accordingly dissent.
O’Neill, J., concurs in the foregoing opinion.